## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | | |
|---|---|---|
| **CALMESHA MCGLOWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** 3:22cv105-NBB-RP |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| **and UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, CALMESHA MCGLOWN ("Plaintiff") and brings this civil action for negligence and personal injuries, pursuant to the Federal Tort Claims Act ("FTCA") (28 U.S.C. §§ 2671, *et seq.*), 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2401(b), against the Defendants, UNITED STATES POSTAL SERVICE ("USPS") and the UNITED STATES of AMERICA ("USA"), (collectively, "Defendants"), and in support of her Complaint would show unto the Court as follows:

### JURISDICTION AND VENUE

1. This is an action for negligence and personal injuries being brought pursuant to the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, *et seq.*), 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2401(b).

2. All conditions precedent to filing this action have been complied with, expired, and/or waived.

3. Specifically, Plaintiffs have complied with all provisions precedent to filing this

action, including the notice requirements set forth in 28 U.S.C. § 2675(a).

4.      Pursuant to 28 U.S.C. § 2401(b), 39 C.F.R. § 912.9(a), 28 U.S.C. § 1346(b)(1) and the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, *et seq.*), governmental immunity is not a bar to this action and Plaintiff is legally permitted to pursue this action following a denial or constructive denial of her administrative claim for personal injuries (Claim No. 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A) ("Claim").

5.      In particular, Plaintiff's Claim for personal injuries arose from a motor vehicle accident involving Plaintiff and Quarika Williams, which occurred on January 27th, 2021 in Olive Branch, DeSoto County, Mississippi ("subject accident"), in which Plaintiff suffered significant personal injuries as a result of the negligence of Quarika Williams and the subject accident, as discussed in greater detail below.

6.      Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(e)(1), because the United States Postal Service ("USPS") and the United State of America ("USA") are a Defendant in the instant action and Quarika Williams is, was and at all times relevant hereto, acting within the course and scope of her employment as an employee and/or agent of Defendant, USPS at, or prior to, the time of the subject accident.

7.      Additionally, a "substantial part of the events or omissions giving rise" to Plaintiff's claims in the instant action (specifically the subject accident and all events relevant thereto), occurred in Olive Branch, DeSoto County, Mississippi.

8.      The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and reasonable attorneys' fees.

## **PARTIES**

9.      Plaintiff, Calmesha McGlown ("Plaintiff" or "Ms. McGlown") is, and at all times

relevant to the allegations contained herein, an adult individual and resident of Memphis, Shelby County, Tennessee.

10.     Defendant, United States Postal Service ("USPS") is, and at all times relevant hereto, an independent agency of the federal government of the United States of America, with headquarters located at 475 L'Enfant Plaza SW, Washington, D.C. 20260.

11.     Defendant, United States of America ("USA") may be serviced with process by this Honorable Court to Merrick Garland, Attorney General of the United States, Department of Justice, Room 5111, 10th and Constitution Ave, NW, Washington, D.C. 20530 and Clay Joyner, U.S. Attorney, Northern District of Mississippi, 900 Jefferson Ave., Oxford, Mississippi, 38655.

12.     Defendants USPS and United States of America are, and at all times relevant hereto, appropriate defendants under the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, *et seq.*).

13.     Quarika Williams is, was, and at all times relevant hereto, an employee, agent, officer and/or servant of the Defendant, United States Postal Service, and/or the United States of America.

14.     Quarika Williams is, was, and at all times relevant hereto, acting within her official capacity and within the course and scope of her employment, agency and/or service as an employee, agent, officer and/or servant of the Defendant, United States Postal Service, and/or the United States of America.

**FACTUAL ALLEGATIONS**

15.     On January 27th, 2020, Plaintiff, Calmesha McGlown, was operating a motor vehicle (specifically, a 2011 Hyundai Sonata, bearing Mississippi license plate number

DAH2538 was travelling southbound on Highway 305 near Expressway Drive in Olive Branch, DeSoto County, Mississippi.

16.    At the aforementioned time and place, Quarika Williams ("Ms. Williams"), was operating a motor vehicle (specifically, a United States Postal Truck) (assumed to be owned by and registered in the name of the Defendant, United States Postal Service)) ("USPS Vehicle") that was attempting to exit a private driveway and intended to travel southbound on Highway 305 near Expressway Drive in Olive Branch, DeSoto County, Mississippi.

17.    However, suddenly and without warning, Ms. Williams negligently and carelessly failed to maintain a proper lookout for traffic ahead, failed to maintain proper control of the USPS Vehicle, and failed to yield, which caused the USPS Vehicle that was being operated by Ms. Williams to forcefully strike the passenger side of Plaintiff's Vehicle, thereby proximately causing the subject accident.

18.    The impact of the collision of Plaintiff's Vehicle and the USPS Vehicle was so great that it threw Plaintiff about in the vehicle, thereby causing serious, painful and permanent injuries to Plaintiff.

19.    At the time of the subject accident on January 27th, 2020, Ms. Williams negligently operated or maintained the USPS Vehicle, so that it collided with Plaintiff's Vehicle, thereby proximately causing the subject accident.

20.    As the direct and proximate result of the negligence of Ms. Williams in causing the subject accident, Plaintiff, Calmesha McGlown, suffered serious, painful and permanent injuries, as well as mental anguish.

21.    Additionally, Plaintiff also incurred doctor, medical, hospital and other bills in an

4

effort to cure her injuries and she will likely incur additional expenses in the future, in an effort to treat her injuries resulting from the subject accident.

22.     Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

23.     Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

24.     Additionally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

25.     Finally, at, or prior to, the time of the subject accident, Plaintiff was operating her vehicle in a reasonable and safe manner, and she was not in violation of any applicable laws or local ordinances.

**<u>AGENCY</u>**

26.     At, or prior to, the time of the subject accident on January 27, 2020, and at all times relevant hereto, Quarika Williams ("Ms. Williams"), was an employee, agent, officer and/or servant of Defendant, United States Postal Service ("USPS"), and/or the United States of America.

27.     At, or prior to, the aforementioned date, and at all times relevant hereto, Ms. Williams was employed by Defendant USPS as a driver of postal service vehicles, such as the USPS Vehicle that was involved in the subject accident.

28.     At, or prior to, that date, and at all times relevant hereto, Ms. Williams was acting within her official capacity and within the course and scope of her employment, agency and/or service as an employee, agent, officer and/or servant of Defendants USPS and the United States

of America, while she was operating the USPS Vehicle at, or prior to, the time of the subject accident.

29.     Furthermore, at or prior to, the time of the subject accident, Ms. Williams was operating the USPS Vehicle (which is specifically described in the foregoing Complaint), which was registered to Defendant USPS, and was owned and controlled by Defendants USPS and the United States of America, at that time and at all times relevant hereto.

30.     Consequently, at that time, Defendant Williams was operating the USPS Vehicle with Defendant's, USPS and the United States of America's authority, consent, and knowledge, pursuant to section Miss. Code. Ann. §§11-46-5(2) Code Annotated.

31.     Finally, at or prior to the time of the subject accident, Ms. Williams was also operating the USPS Vehicle for Defendant, USPS's use, and benefit, and within the course and scope of her employment as an agent, employee, officer and/or servant of Defendants USPS and the United States of America, in accordance with Miss. Code. Ann. §§11-46-5(2).

32.     As such, Defendants, USPS and the United States of America, are vicariously liable for the negligent actions of its agent, officer, servant and/or employee, Ms. Williams, which were the direct and proximate cause of the subject accident and Plaintiff's resulting injuries.

## COUNT I – NEGLIGENCE CLAIM AGAINST DEFENDANT, THE UNITED STATES OF AMERICA

33.     The allegations contained in paragraphs 1 – 32 of the foregoing Complaint are re-alleged and incorporated herein.

34.     At, or prior to, the time of the subject accident on January 27th, 2020, Defendant, the United States of America ("USA"), negligently operated and/or maintained the USPS Vehicle, which was the proximate cause of the subject accident.

6

35.     Specifically, at or prior to, the time of the subject accident, Defendant, USA, committed and was guilty of multiple acts of common law negligence, each and every one of which was a direct and proximate cause of the subject accident and Plaintiff's resulting injuries and damages, which include, but are not limited to the following:

     a.  Failing to devote full time and attention to the operation of the USPS vehicle;

     b.  Failing to maintain a proper lookout for oncoming traffic and traffic ahead, including Plaintiff's Vehicle;

     c.  Failing to maintain proper control of the USPS Vehicle, specifically by:

          i.  Driving the USPS Vehicle on the wrong side of the street or roadway;

          ii.  Improperly entering Plaintiff's lane of travel;

          iii.  Driving said vehicle too fast under the conditions prevailing;

     d.  Failing to use that degree of care and caution as was required under the existing circumstances and conditions for the safety of herself and others properly upon the aforementioned street; and finally, by

     e.  Failing to control the movement, momentum for direction of travel of said vehicle, or to turn or guide the same, as it was her duty to do so, so as to avoid causing a collision to occur, then and thereby injuring Plaintiff.

36.     Additionally, at the time of the subject accident, the following statutes of the State of Mississippi were in full force and effect and were violated by Defendant, USA, which also constitutes negligence *per se*:


63-3-1201     <u>Reckless driving.</u>

7

Any person who drives any vehicle in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving. Reckless driving shall be considered a greater offense than careless driving.

63-3-807    <u>Vehicle entering or crossing highway from private road or driveway.</u>

The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway.

63-3-1003.    <u>Designation of yield right-of-way entrances; conduct of driver at yield-right-of-way intersection; proof of failure to yield right-of-way.</u>

(2) The driver of a vehicle in obedience to a yield-right-of-way sign shall reduce the speed of his vehicle to not more than twenty miles per hour and shall yield the right of way to other vehicles which have entered the intersecting highway either from the right or left or which are approaching so closely on said intersecting highway as to constitute an immediate hazard. However, said driver having so yielded may proceed at such time as a safe interval occurs.

37.    Moreover, as a direct and proximate result of the negligent act(s) and/or omission(s) of Defendant, USA, in causing the subject accident, as specifically set forth above, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

38.    Additionally, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in an effort to treat her injuries.

39.    Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

40.    Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

41.    Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and

Plaintiff lost use of it during the period required for its repair or replacement.

**WHEREFORE**, Plaintiff, Calmesha McGlown, demands judgment for damages against Defendant, the United States of America.

## COUNT II – VICARIOUS LIABILITY CLAIM AGAINST DEFENDANTS, UNITED STATES POSTAL SERVICE AND THE UNITED STATES OF

42.     The allegations contained in paragraphs 1 – 32 of the Complaint are re-alleged and incorporated herein.

43.     Defendants, United States Postal Service ("USPS") and the United States of America ("USA"), is vicariously liable for the negligent act(s) and/or omission(s) of its agent, officer, servant and/or employee, Quarika Williams ("Ms. Williams"), specifically her negligent operation of the USPS Vehicle, at, or prior to, the time of the subject accident on January 27th, 2020.

44.     Specifically, at, or prior to, the date of the subject accident, and at all times relevant hereto, Defendant USPS was owner of the USPS Vehicle and said vehicle was registered in the name of Defendant USPS.

45.     Additionally, on that date, Ms. Williams was employed as Defendants', USPS and USA, agent, officer, employee and/or servant; specifically, as a driver of postal service vehicles, such as the USPS Vehicle.

46.     As such, pursuant to Miss. Code. Ann. §§11-46-5(2), Plaintiff has prima facie evidence that Ms. Williams, as Defendants', USPS and USA, agent, officer, employee and/or servant, was operating the USPS Vehicle at, or prior to, the time of the subject accident for Defendants', USPS and USA, "use and benefit" and "within the course and scope" of Ms. Williams's agency and/or employment with Defendant USPS, the owner of the USPS Vehicle.

47.     Accordingly, Defendants, USPS and USA, are vicariously liable for the negligent

act(s) and/or omission(s) of its agent, officer, employee and/or servant, Ms. Williams (specifically, her negligent operation of the USPS Vehicle at, or prior to, the time of the subject accident) in accordance with Miss. Code. Ann. §§ 11-46-5(2).

48.      Moreover, as a direct and proximate result of the negligent act(s) and/or omission(s) of Defendants', USPS and USA, agent, officer, employee and/or servant Ms. Williams, in causing the subject accident, as specifically set forth above, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

49.      Additionally, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in an effort to treat her injuries.

50.      Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

51.      Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

52.      Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

**WHEREFORE**, Plaintiff, Calmesha McGlown, demands judgment for damages against Defendants USPS and USA.

## COUNT III- NEGLIGENT ENTRUSTMENT CLAIM AGAINST DEFENDANTS USPS AND USA

53.      The allegations contained in paragraphs 1 – 32 of the Complaint are re-alleged and incorporated herein.

54.     On, or prior to, the date of the subject accident on January 27th, 2020, and at all times relevant hereto, Defendants, United States Postal Service ("USPS") and United States of America ("USA"), owned and/or had sufficient control over the USPS Vehicle at the time that Defendant USPS entrusted said vehicle to Quarika Williams ("Ms. Williams").

55.     Moreover, on the aforementioned date, Ms. Williams was a permissive user of the USPS Vehicle at, or prior to, the time of the subject accident.

56.     Additionally, on or prior to that date, Defendants, USPS and USA, were aware that Ms. Williams was incompetent and unfit to operate the USPS Vehicle that was driven by Ms. Williams and owned by Defendant USPS at the time of the subject accident.

57.     Specifically, on or before the aforementioned date, Defendants, USPS and USA knew or should have known that Ms. Williams as its agent, officer, servant and/or employee, was incompetent and unfit to operate the USPS Vehicle that was driven by Ms. Williams and owned by Defendant USPS at the time of the subject accident.

58.     Despite having actual and/or constructive knowledge of the fact that Ms. Williams was incompetent and unfit to operate the USPS Vehicle, Defendants, USPS and USA entrusted Ms. Williams to operate a postal service vehicle on public roadways and interstate highways.

59.     Consequently, as a direct and proximate result of the negligence of Defendants, USPS and USA, in entrusting operation of the USPS Vehicle on public roadways and interstate highways to its agent, officer, employee and/or servant, Ms. Williams, the subject accident occurred.

60.     Additionally, as a direct and proximate result of the negligence of Defendants USPS and USA, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

61.     Furthermore, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in treating her injuries.

62.     Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

63.     Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

64.     Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

65.     **WHEREFORE**, Plaintiff, Calmesha McGlown, demands judgment for damages against Defendants USPS.

## COUNT IV- NEGLIGENT HIRING CLAIM AGAINST DEFENDANTS USPS AND USA

66.     The allegations contained in paragraphs 1 – 32 of the Complaint are re-alleged and incorporated herein.

67.     On or prior to the date of the subject accident on January 27th, 2020, Defendants, United States Postal Service ("USPS") and United States of America ("USA"), hired Quarika Williams ("Ms. Williams") as a driver of postal service vehicles and entrusted Ms. Williams to operate a postal service vehicle on public roadways and interstate highways.

68.     At the time of hiring, Defendants, USPS and USA performed either no background check or an inadequate background check on Ms. Williams.

69.     Consequently, as a direct and proximate result of the negligence of Defendants,

USPS and USA, in hiring Ms. Williams without performing a background check, or by performing inadequate background check, on Ms. Williams, Ms. Williams was permitted to operate a postal service vehicle on public roadways and interstate highways, which caused the subject accident to occur.

70.     Additionally, as a direct and proximate result of the negligence of Defendants, USPS and USA, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

71.     Furthermore, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in treating her injuries.

72.     Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

73.     Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

74.     **WHEREFORE**, Plaintiff, Calmesha McGlown, demands judgment for damages against Defendants USPS and USA.

## COUNT V- NEGLIGENT RETENTION CLAIM AGAINST DEFENDANT USPS AND USA

75.     The allegations contained in paragraphs 1 – 32 of the Complaint are re-alleged and incorporated herein.

76.     After hiring Quarika Williams ("Ms. Williams"), and on, or prior, to the date of the subject accident on January 27th 2020, Defendants, United States Postal Service ("USPS") and United States of America ("USA"), became aware of information indicating that Ms.

Williams was unfit to serve as an employee charged with operating a postal service vehicle on public roadways and interstate highways.

77.     However, despite having actual and/or constructive knowledge of these facts, Defendants, USPS and USA, did not terminate Ms. Williams from her employment, but rather, Defendants, USPS and USA entrusted Ms. Williams to operate a postal service vehicle on public roadways and interstate highways at the time of the subject accident.

78.     Consequently, as a direct and proximate result of the negligence of Defendants, USPS and USA in retaining Ms. Hill as its agent, officer, employee and/or servant, the subject accident occurred.

79.     Additionally, as a direct and proximate result of the negligence of Defendants, USPS and USA, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

80.     Furthermore, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in treating her injuries.

81.     Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

82.     Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

83.     Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

84.     **WHEREFORE**, Plaintiff, Calmesha McGlown, demands judgment for damages against Defendants USPS and USA.

14

## COUNT VI- NEGLIGENT SUPERVISION CLAIM AGAINST
## DEFENDANTS USPS AND USA

85.    The allegations contained in paragraphs 1 – 32 of the Complaint are re-alleged and incorporated herein.

86.    On, or prior to, the date of the subject accident on January 27th, 2020, and at all times relevant hereto, Defendants, United States Postal Service ("USPS") and United States of America ("USA"), were responsible for the actions of all of its agents, officers, servants and/or employees who were acting within the course and scope of their employment and/or agency, including Danielle D. Hill ("Ms. Williams").

87.    Defendants, USPS and USA, through their agents, officers, servants and/or employees, breached this duty in one or more of the following ways by:

    a.  Failing to properly supervise Ms. Williams in her operation of postal service vehicles, such as the USPS Vehicle;

    b.  Failing to properly manage Ms. Williams in her operation of postal service vehicles, such as the USPS Vehicle;

    c.  Failing to properly train Ms. Williams on the proper operation of postal service vehicles, such as the USPS Vehicle, including by:

        i.   Failing to properly train Ms. Williams on how to maintain a proper lookout for oncoming traffic;

        ii.  Failing to properly train Ms. Williams on how to maintain proper control of postal service vehicles, such as the USPS Vehicle, so as to avoid driving on the wrong side of the street or roadway;

        iii. Failing to properly train Ms. Williams on how to maintain proper control of postal service vehicles, such as the USPS Vehicle, so as to avoid improperly entering the lane of travel of oncoming traffic;

    iv.  Failing to properly train Ms. Williams on how to control the movement, momentum for direction of travel of postal service vehicles, such as the USPS Vehicle, and on how to turn or guide said vehicle, as it was her duty to do so, so as to avoid causing a collision to occur, then and thereby injuring Plaintiff;

    v.  Failing to properly train Ms. Williams on how to properly yield to oncoming traffic; and finally by,

    vi.  Failing to properly train Ms. Williams to use that degree of care and caution as was required under the existing circumstances and conditions for the safety of herself and others properly upon the aforementioned street in operating postal service vehicles, such as the USPS Vehicle.

d.  Failing to prevent Ms. Williams, who was supposed to be trained on the proper operation of postal service vehicles, such as the USPS Vehicle, from committing negligent acts while operating said vehicle at, or prior to, the time of the subject accident;

e.  Negligently failing to enforce reasonable safety policies and procedures; and

f.  Being otherwise negligent in the training and supervision of Ms. Williams who was charged with operating a postal service vehicle, such as the USPS Vehicle, on public roadways and interstate highways at, or prior to, the time of the subject accident.

88.    Consequently, as a direct and proximate result of the negligence of Defendants, USPS and USA, in failing to properly supervise and properly train Ms. Williams as its agent, officer, employee and/or servant, the subject accident occurred.

89.    Additionally, as a direct and proximate result of the negligence of Defendants, USPS and USA, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

90.    Furthermore, Plaintiff incurred doctor, medical, hospital and other bills in an

effort to cure her injuries and she will likely incur additional expenses in the future in treating her injuries.

91.     Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

92.     Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

93.     Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

94.     **WHEREFORE**, Plaintiff, Calmesha McGlown, demands judgment for damages against Defendants USPS and USA.

## VII. DAMAGES

95.     The allegations contained in paragraphs 1 – 36 of the Complaint are re-alleged and incorporated herein.

96.     As a direct and proximate result of the negligence and negligence *per se* of the Defendants, as set out and alleged by Plaintiffs in Counts I-VI above, the subject accident occurred and Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish as a result.

97.     Furthermore, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in treating her injuries.

98.     Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

99.     Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

100.     Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and

Plaintiff lost use of it during the period required for its repair or replacement.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:**

1.    That proper process issue against the Defendants requiring them to plead and answer.

2.    For judgment to be entered in the Plaintiff's favor against the Defendants for compensatory damages, as set forth above, in the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00).

3.    That Plaintiff be awarded the court costs of trying this action and for all costs to be taxed to the Defendants.

4.    That Plaintiff be granted whatever other relief, general or specific, which this Court deems to be equitable and just.

5.    Finally, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 7th day of June, 2022.

By: /s/ Allen M. Gressett
Allen M. Gressett Esq. (#103576)
Schwed, Adams & McGinley, P.A.
Email:agressett@schwedlawfirm.com
88 Union Center
88 Union Avenue
11th Floor, Suite 1100
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400

SCHWED, ADAMS & MCGINLEY, P.A. is surety for the court costs of this cause.

/s/ Allen M. Gressett
SCHWED, ADAMS & MCGINLEY, P.A.